Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LIPP JR., individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> *v.* <br><br> PINPOINT OFFERS USA LLC, a California company, <br><br> *Defendant.* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Richard Lipp Jr. ("Plaintiff" or "Lipp Jr.") brings this Class Action Complaint and Demand for Jury Trial against Defendant Pinpoint Offers USA LLC ("Defendant" or "Pinpoint Offers USA") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded calls to cellular telephone numbers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Lipp Jr., for this

Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.    Plaintiff Richard Lipp Jr. is a resident of Chula Vista, California.

2.    Defendant Pinpoint Offers USA is a California registered company headquartered in Fountain Valley, California. Defendant Pinpoint Offers USA conducts business throughout this District, California and the United States.

## JURISDICTION AND VENUE

3.    This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4.    This Court has personal jurisdiction over the Defendant and venue is proper since the Defendant resides in this District and made pre-recorded calls from this District.

## INTRODUCTION

5.    As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant

barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.     When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

7.     By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10.     According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in February 2022 alone, at a rate of 137.5 million calls per day. www.robocallindex.com (last visited April 14, 2024).

11.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12.    "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13.    "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14.    Defendant Pinpoint Offers USA buys homes from consumers for cash.[3]

15.    Defendant Pinpoint Offers USA uses pre-recorded calls to reach consumers *en masse* to find home owners who are willing to sell their home to Defendant.

16.    Plaintiff Lipp Jr. is the subscriber of the cell phone number ending in 0339.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://pinpointoffers.co/

17.    On April 8, 2024, at 6:17 PM, Plaintiff Lipp Jr. received a call on his

cell phone from the phone number 909-304-6910. Plaintiff Lipp Jr. did not answer

the call.

18.    Plaintiff Lipp Jr. received a pre-recorded voicemail from Defendant

Pinpoint Offers USA:



+1 (909) 304-6910
unknown
April 8, 2024 at 6:17 PM

0:00                                          −0:45

**Transcription**
"Hi this is Jay and I drove by your guys property here in Chula Vista local in buying the property if you have any interest in selling I can buy it as is I can buy it with tenants good or bad tenants you can leave what you don't want behind if you guys are moving if you want to cash out and stay there I can even do that I specialize in as is transactions in this area so just wanted to reach out to you guys but if you're interested in selling give me a call or send me a text my number is 909294 2409 I don't answer if you can please leave a voicemail if by the wrong number or if you're not selling you can just disregard this message thank you..."[4]

---

[4] https://www.dropbox.com/scl/fi/nq4a9ers9asv8u8fifmd4/Call-Recording.MOV?rlkey=y6hkky2y3sbx1kle3f8hbdg4i&dl=0

19.    Plaintiff Lipp Jr. believes that this voicemail was pre-recorded because it begins after 4 seconds of silence, it's generic in nature, and sounds scripted in its delivery.

20.    909-304-6910 is owned/operated by Pinpoint Offers USA.

21.    The voicemail that Plaintiff Lipp Jr. received asks him to call 909-294-2409.

22.    This phone number is associated with Pinpoint Home Offers, which is a d/b/a of Pinpoint Offers USA, as was established above.

23.    Plaintiff Lipp Jr. has never done any business with Defendant Pinpoint Offers USA.

24.    In fact, Plaintiff Lipp Jr. does not own a property.

25.    Plaintiff Lipp Jr. did not provide his consent to Pinpoint Offers USA to place pre-recorded calls to his cell phone.

26.    The unauthorized solicitation telephone call that Plaintiff received from Defendant, as alleged herein, has harmed Plaintiff Lipp Jr. in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

27.    Seeking redress for these injuries, Plaintiff Lipp Jr., on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

28.     Plaintiff Lipp Jr. brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **<u>Pre-recorded No Consent Class</u>:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their cellular telephone number (2) using a pre-recorded voice message.

29.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Lipp Jr. anticipates the need to amend the Class definition following appropriate discovery.

30.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received calls as part of the same campaign resulting in calls to other Class members.

31.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether Defendant made calls using a pre-recorded voice to cellular telephone numbers without consent;

    (b)    whether Defendant's conduct constitutes a violation of the TCPA; and

    (c)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

32.    **Adequate Representation**: Plaintiff Lipp Jr. will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Lipp Jr. has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Lipp Jr. and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Lipp Jr. nor his counsel have any interest adverse to the Class.

33.    **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the

Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Lipp Jr. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Lipp Jr. and the Pre-recorded No Consent Class)

34.    Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

35.    Defendant Pinpoint Offers USA transmitted unwanted solicitation telephone calls to Plaintiff Lipp Jr. and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

36.    These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff Lipp Jr. and the other members of the Pre-recorded No Consent Class.

37.    Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Lipp Jr. and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lipp Jr. individually and on behalf of the Class, prays for the following relief:

a)    An order certifying this case as a class action on behalf of the Class; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b)    An award of damages and costs;

c)    An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)    An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)    Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Lipp Jr. requests a jury trial.

                                        **RICHARD LIPP JR.**, individually and on behalf of all others similarly situated,

DATED this 2nd day of May, 2024.

                                        By: /s/ *Rachel E. Kaufman*
                                        Rachel Elizabeth Kaufman
                                        Kaufman P.A.
                                        237 South Dixie Highway, Floor 4
                                        Coral Gables, FL 33133
                                        (305) 469-5881
                                        Email: Rachel@kaufmanpa.com

                                        *Attorney for Plaintiff and the putative Class*